**SKAFF VS COUNTY OF MAUI, CIVIL NO. CV 01-00666 HG/KSC**
**COURT MONITOR'S INTERIM REPORT AND STIPULATION**

1. **DIRECTIVE**

   The court appointed Arbitrator/Mediator was given the full authority and was charged with creating the implementation plan and facilities action checklist enclosed in the document for the Transition Plan for the Maui Parks and Recreation Facilities and Programs. The Court Arbitrator/Mediator (herein referred to as the Court Monitor), requested that the parties agree that the MIG report be used as a useful guide only when determining the "Core Parks Modifications List for the implementation of the ADA Transition Plan Modifications Action List". This process was conducted jointly by the Defendants, Consultant, and the Plaintiff's Expert.   The Court Monitor directed the Consultants to address the physical access needs in thirty (30) "core parks" facilities (See Exhibit A). These "core parks" will be used as the basis for the initial phase of the implementation of architectural access modifications in order to insure that the entire scope of programs offered by the Maui County Parks and Recreation program and service facilities be addressed. The "core parks" will be used centrally to insure that a "Programmatic Access Plan Policy" to be created and implemented in the second phase of the development of the Transition Plan.

2. **JOINT REPORT**

   Under the direction of the Court Monitor, the Consultant and the Expert together created the "Core Parks Modifications Lists" and action items. During the course of the documentation of the "Core Parks Modification List" if a disagreement between the Consultant and the Expert occurred, the Court Monitor mediated the outstanding issue until a solution was found. The Core Parks ADA Transition Plan Modification List for each park is included in the Interim Report (see Exhibit B). The Court Monitor also directed the Consultant and the Expert to create a general maintenance issue checklist for all parks (see Exhibit C).

3. **ALTERATIONS AND NEW CONSTRUCTION**

   The Court Monitor is aware of the fact that there are modifications, alterations and new construction at other facilities that are not included in the Core Plan and these actions are an ongoing process. The Court Monitor recommends that the actions taken comply with the necessary requirements of any applicable laws, statutes, or guidelines (e.g., ADA, ABA, UFAS, ANSI, etc.).

4. **YOU TOUCH IT YOU FIX IT**

   The Court Monitor recommends that the "you touch it, you fix it" rule be adopted by this stipulation, which will be defined as Rule: Any elements or features within the public access areas that affect a person with a disability and their ability to use and access the element which is being altered (touched) shall be altered in such a manner as to be made

EXHIBIT " A "

Skaff vs. County of Maui
Interim Court Monitor's Report
Page 2

accessible to the maximum extent feasible and meet the new construction/alterations
requirements, if not technically infeasible.

## 5.   PERSONAL REQUEST

The County shall adopt a programmatic access policy, that when a Qualified Person with a
Disability requests an element in any facility be made accessible, the county will assess, and
examine the element request to determine whether or not the said element(s) can and shall
be modified and re-designed and construction implemented to create a compliant accessible
element.

## 6.   THE CONSULTANT

The Consultant and the Court Monitor recommends that Bill Hecker, the County's
Consultant, review technical aspects of compliance of all elements to be implemented on
the modifications list and that said Consultant be available for consultation at the County's
request.  The Court Monitor also recommends that the Consultant physically visits said sites
and meets annually with representatives of the County in order for the Consultant to have
the ability to examine and testify to the fact that the Implementation Plan, Transition Plan,
and Modifications have been implemented and furthermore that the actions taken also
comply with the design guidelines.

## 7.   PLAINTIFF'S REVIEW

The Plaintiffs expert may have access to any and all documents in order to review the
design documents before construction is implemented.

## 8.   DESIGN AND CONSTRUCTION RESPONSIBILITY

The Designers consultant and Contractors shall be held wholly responsible for (Designer's)
strict adherence to the Accessibility Guidelines and construction of such and said accessible
elements.

Plaintiffs are deemed intended 3rd party beneficiaries of all design/construction contracts.

## 9.   HISTORICAL INFORMATION – COMPLAINT OCTOBER 2001

Lunsford Dole Phillips was the original Attorney representing the Plaintiffs in the Skaff vs.
Maui Parks and Recreation case.  Stan Levin became co-counsel.  Lunsford Dole Phillips
was subsequently involved in a skiing accident and underwent brain surgery.  At that time,
Stan Levin, who also underwent brain surgery, jointly attended a settlement conference in
federal court.  The parties (Stan Levin, Lunsford Dole Phillips, Laureen Martin and Judge
Chang) agreed that Paul Sheriff would become the United States Federal Court-appointed

Skaff vs. County of Maui
Interim Court Monitor's Report
Page 3

Arbitrator/Mediator. Subsequently, Lunsford Phillips entered a one-year suspension from practicing law in the State of Hawai'i. Therefore, the case was counseled by Stan Levin, solely. The original Plaintiff's Expert, Jean Tesmer, and Stan Levin's law firm could not reach an agreement on fees, costs and procedure. Stan Levin's office requested that they have the ability to hire the services of Bruce Clark, of Accessibility Planning and Consulting, to be the expert. The Court and Court Monitor agreed to this change in experts. The modifications checklist was jointly created by the Defendants Consultant and the Plaintiff's Expert. The Court Arbitrator urged Stan Levin and the County of Maui to stipulate to the "Action Items Lists". The primary Plaintiff in the action strongly objected to the "Action Items List". Stan Levin stringently requested for a leave of the court to withdraw him from the case; however, the Court denied his requests for withdrawal. A delay of action was subsequently created. Lunsford Dole Phillips became reinstated and reintroduced to the case. He personally addressed the issues between the three (3) Plaintiffs and the "Action Items List" was subsequently agreed upon in whole by the three (3) Plaintiffs and Counsel. The Court Monitor strongly urges the parties to agree to the interim Court Monitor's report and adopt the initial "Joint" Plaintiff's expert and Defendant's consultants "modifications lists".

## 10. **PROGRAMMATIC ACCESS**

The Court Monitor recommends that the "Programmatic Access Phase" of the implementation of the Transition Plan be initiated, by which the County's Consultant use the MIG report as a useful guide and also consults with pertinent County Representatives in order to build the Programmatic Access Plan. Upon completion of the documentation of the Programmatic Access Plan, the Court Monitor requires that the County's Consultant forward the documents to the Plaintiff's Expert for review, agreement, and entry into stipulation two (2).

## 11. **COUNTY REPORT**

The County shall provide to the Court a semi-annual report of the status of the projects that are mandated to be implemented through this stipulation.

Maui County Park and Recreation Department

# ADA Transition Plan Implementation Report

Bill Hecker, AIA     Bruce Clark, Accessibility Planning and Consulting
Joint Plaintiffs and Defendants Report

I.  Core Parks Modifications per Transition Plan – Years 2005 - 2009

    A.  Projects beginning in FY 2005

        1. Kamaole I

        2. Kamaole III

        3. Launiupoko Park

        4. Kanaha Beach Park

        5. Hana Beach Park/Helene Hall

        6. Lahaina Civic Center

        7. Waiehu Golf Course

        8. War Memorial Baseball Stadium

        9. War Memorial Football Stadium

    B.  Projects beginning in FY 2006

        1.  War Memorial Pool

        2.  War Memorial Gymnasium

        3.  Lahaina Ball Fields

        4.  Lahaina Youth Center

        5.  Lahaina Aquatic Center

        6.  Kihei Community Center

        7.  Kihei Aquatic Center

        8.  Ukumehame Firing Range

        9.  Hanakao'o Beach Park

    C.  Projects beginning in FY 2007

        1.  Mayor Hannibal Travares Community Center

        2.  Wailuku Community Center

        3.  Kahului Community Center

EXHIBIT " A "

    4. Kenolio Recreation Complex

    5. Mayor Eddie Tam Memorial Center

D. Projects beginning in FY 2008

    1. Hana Community Complex

    2. Lanai Little League/Gym/Tennis Courts

    3. Wells Park

    4. Hookipa Park

    5. Lanai Community Center

    6. Cooke Memorial Pool (Molokai)

    7. Mitchell Pauole Center (Molokai)