DEPARTMENT OF THE CORPORATION COUNSEL   205

BRIAN T. MOTO      5421
Corporation Counsel
LAUREEN L. MARTIN   5927
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:    (808) 270-7740
Facsimile: (808) 270-7152

G:\docs\wilma\A - CM-ECF ORDERS\2008\6-08\CV 01-00666 HG-KSC - SKAFF - Stip & Order re Monitor's Interim Report.wpd

Attorneys for County Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD SKAFF ET AL,<br><br>    Plaintiffs,<br><br> vs.<br><br>COUNTY OF MAUI<br><br>    Defendant. | CIVIL NO. CV 01-00666 HG/KSC<br><br>STIPULATION AND ORDER ADOPTING SPECIAL COURT MONITOR'S INTERIM REPORT DATED JUNE 4, 2007; EXHIBIT 'A' |

**STIPULATION AND ORDER ADOPTING SPECIAL COURT**
**MONITOR'S INTERIM REPORT DATED JUNE 4, 2007**

This matter came on for status conference before the Honorable Kevin S.C. Chang, Magistrate Judge, on June 6, 2007, as part of the regular monitoring of this case. Lunsford Dole Phillips, Esq., appeared on behalf of the Plaintiffs, and Laureen L. Martin, Deputy Corporation Counsel, appeared on behalf of Defendant County of Maui. Also present were representatives of the County of Maui, William Hecker, County of Maui's expert, and Special Court Appointed Monitor Paul Sheriff.

WHEREAS, the Court Monitor presented the Special Court Monitor's Interim Report dated June 4, 2007, which contained approximately fifteen exhibits and, among other things, suggested some variations in the overall approach to the accessibility of the parks, including the following:

a) ADAAG standard shall be utilized rather than the UFAS standard;

b) In order to systematically and economically standardize usability of the existing park facilities under the ADA program accessibility provisions, the dimensional variations proposal, set forth in Exhibit "B" of the report;

c) Regarding situations when "you touch it, you fix it," the court and the parties hereby adopt the Department of Justice regulation 28 C.F.R. 35.151(b);

d) Facility Modification Request policy - consistent with ADA Regulations 28 C.F.R. 35.130(b)(7) which require reasonable modifications to polices, practices and procedures to ensure program accessibility, during and after the correction phase, Defendants solicit and encourage disabled persons to request specific access requests and correction.  The County of Maui will post on its website a notice to disabled persons the right to request an accommodation.  The notice will set forth specific instructions on how to request an accommodation;

e) The Court adopts the following language to guide the parties' conduct herein:

**Reasonable Requests by Qualified Persons with a Disability**

> The Title II regulations require that the County give priority to a reasonable request for accessibility modifications and programmatic accommodations if the individual with a disability who makes the request is qualified to participate in the program in question. These requests will often be for minor modifications to facilities that are not included in the transition plan or if included in the transition plan are sought before the scheduled large-scale modifications are implemented. These are very important and take priority over the transition plan modifications. The entire ADA compliance strategy relies upon making the reasonable modifications that are requested.

f) The emphasis is on ADA program access when the County of Maui's park programs are viewed in their entirety by means of a transition plan for facility modifications with any additional accessibility modifications beyond those in the transition plan based upon personal requests;

g) Technical infeasibility: a statement of such an architectural or site related condition must be certified and obtained from William Hecker, or other expert;

h) The required reporting of the Court Monitor shall be on a semi-annual basis, beginning with the first request on September 2007. The content of these reports shall be governed by a standard set of reporting requirements

      to be developed by the Court Monitor. Data gathered must include the factual basis for the status information so the Court Monitor can assure that substantial progress is being made.

i) Too often renovated or newly constructed elements do not comply with applicable accessibility requirements due to the difficulty contractors have in building to, but not exceeding, an element's maximum acceptable specifications. Designers can easily reduce as-built non-compliance by adopting procedures that anticipate this difficulty. Unfortunately qualifying design specifications with blueprint directions such as "less than" or no greater than do not assure compliance. Therefore rather than relying on such ineffective directions, best practice design procedures incorporate ample leeway for inevitable construction variances. The table contained in attached Exhibit "A" provides some guidance of acceptable construction deviations.

IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their respective counsel, that the Special Court Monitor's Interim Report dated June 4, 2007, is hereby approved, including the terms outlined above and with the following corrections and revisions:

1) <u>Item 4 in the preface of the report</u>: The Parks Department shall manage the funds referenced and not the ADA Coordinator.

2) <u>"Disability Access Committee" on page 2 of the Preface</u>: The "Commission on Persons with Disabilities" is hereby substituted for "Disability Access Committee". The language is further revised to indicate that the Commission does not make the ultimate decision, rather they will make a recommendation to the ADA Coordinator and the Department for approval or denial. The Commission shall follow its established procedures to determine whether such a request should be recommended. No appeal from the decision shall be given.

3) <u>Paragraph 9 on page 2 of the "report & stipulation"</u>: The words "curb ramp" are hereby deleted.

4) <u>Exhibit "A"</u>: reference to "Alexa Russell, individually, Laak Russell, a minor guardian . . . v. County of Hawaii; CV 97-01102SPK" is hereby deleted. The second paragraph beginning with "The alteration scoping provisions of ADAAG . . ." shall be deleted.

5) <u>Exhibit "E"</u>: is hereby revised as follows:

> "In light of the importance of this issue, the Parks Department shall seek from County Council a pool of funds established annually for use in addressing reasonable accommodations requests by disabled participants of County programs. It is recognized that planning and permitting approval may often apply in these instances and while timing is critical in many cases, normal processes shall apply. To the degree that Special Management Area (SMA) permits for ADA work at facilities covered by the State's SMA requirements can be expedited through the County planning process, they should be expedited."

5

```
     DATED:  Honolulu, Hawaii, 3/20/08.


                              /s/ Lunsford Dole Phillips
                              LUNSFORD DOLE PHILLIPS
                              Attorney for Plaintiffs

     DATED:  Wailuku, Maui, Hawaii, March 25, 2008.

                              BRIAN T. MOTO
                              Corporation Counsel
                              Attorney for Defendant
                               COUNTY OF MAUI


                              By   /s/ Laureen L. Martin
                                  LAUREEN L. MARTIN
                                  Deputy Corporation Counsel
```

DATED: Honolulu, Hawaii, June 9, 2008.

APPROVED AND SO ORDERED:



_____
Kevin S.C. Chang
United States Magistrate Judge


Richard Skaff et al, Vs. County of Maui, Civil No. 01-00666 HG/KSC, Stipulation and Order Adopting Special Court Monitor's Interim Report dated June 4, 2007